## Frederick's Estate.

*Declaratory judgment—Act of June 18, 1923—Construction—Jurisdiction, O. C.*

1. The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, enlarges the power of courts of record within their respective jurisdictional limits, but it does not extend those limits.

2. The Orphans' Court is a court of special statutory jurisdiction. Neither before nor since the Orphans' Court Act of June 7, 1917, P. L. 363, did it have jurisdiction to determine abstract questions of title to real or personal property, though the construction of wills might be involved. It is only as causes under the jurisdiction of that court require it that quantity or character of title, or parties interested, may be adjudicated by the Orphans' Court.

Petition for declaratory decree. O. C. Berks Co.

*Thomas K. Leidy*, for petitioner.

MARX, P. J., April 16, 1927.—New Jerusalem Lutheran Church, devisee in remainder, petitions for a declaratory decree, construing the will of David Frederick, deceased, and defining the title of petitioner in the real estate of said decedent.

Frederick's Estate.

The petition avers the death of David Frederick, April 7, 1893, survived by his wife, Amelia Frederick, and a son, William. Decedent's will provides, *inter alia:*

"Item—I also give and bequeath to her my said wife the use, improvement and income of my real estate situate in Rockland Township, Berks County, Penna., containing sixty-three acres, more or less, and also a tract in District Township, County and State aforesaid, containing eight acres, more or less, for and during her natural life or as long as she remains single.

"After the death or marriage of my said wife then I give and bequeath said real estate to my son, William, provided he then lives, but should he die without issue before my said wife, then I give and bequeath said described real estate with the appurtenances to the New Jerusalem Church in fee simple."

The son, William Frederick, died Oct. 25, 1894, survived by a son, Jonathan, who died Oct. 26, 1894. William also left his wife, Louisa, the mother of Jonathan, and now the wife of David Moyer. Amelia Frederick, widow of David, died in 1923. The petition does not say in whom possession of the real estate rests at this time.

Under these facts we are asked to enter a declaratory decree, under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, defining petitioner's title under the recited portion of testator's will.

Section 1 of this act provides "That courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Subject to the provisions of this section, the act enumerates (although not to the exclusion of other parties and powers under their respective jurisdictions) in section 4, those who may seek a declaratory judgment, and the ends and purposes to which that judgment may be directed. Stripping this section of words not in any way applicable to the facts of this case, we would read: "Any person interested, as or through an . . . fiduciary, . . . devisee, . . . in the administration of the estate of a decedent, . . . may have a declaration of rights or legal relations in respect thereto: *(a)* To ascertain any class of . . . devisees. . . . *(c)* To determine any question arising in the administration of the estate, . . . including questions of construction of wills. . . ."

Section 12 provides: "This act is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered."

It is evident that the act enlarges the powers of courts of record within their respective jurisdictional limits, but does not extend those limits. They can do no more than before, within their proper domains, but those domains remain unchanged. If this court had jurisdiction over the subject-matter or the parties before this enactment, such a decree may be made; if no jurisdiction then, there is none now.

The construction of this will does not arise in the course of settlement of testator's estate, nor does the petition aver any facts which bring such construction and decree within reach of the defined powers of this court. Testator's son William, and William's son Jonathan, died before the death of testator's widow, Amelia. Petitioners seek determination of the question: Under the facts recited, does title in fee in the real estate of testator now reside in Louisa Moyer, mother and heir of Jonathan Frederick, or does it reside in New Jerusalem Lutheran Church?

### Frederick's Estate.

The Orphans' Court is a court of special statutory jurisdiction. Neither before nor since the Orphans' Court Act of June 7, 1917, P. L. 363, did it have jurisdiction to determine abstract questions of title to real or personal property, though the construction of wills might be involved. It is only as causes under the jurisdiction of that court require it, that quantity or character of title, or parties interested, may be adjudicated by the Orphans' Court. The matters averred in this petition do not bring the prayer of the petition within the jurisdiction of this court, and the decree prayed cannot be made.

Now, April 16, 1927, the petition is accordingly dismissed.

From Charles K. Derr, Reading, Pa.